**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
NICHOLAS LANE,

        Plaintiff,                                 **COMPLAINT**

-against-                                  **JURY TRIAL REQUESTED**

JANJER ENTERPRISES, INC.

Defendant.
------------------------------------------------------------X

Plaintiff, Nicholas Lane, by and through his undersigned attorneys, Filippatos PLLC, hereby complains of Defendant Janjer Enterprises, Inc. ("Defendant" or the "Restaurant") upon personal knowledge, as well as information and belief, by alleging and averring as follows:

**NATURE OF THE CLAIMS**

1. On December 15, 2021, Plaintiff, who was a Dishwasher and Busser at Defendant, was sexually assaulted by his supervisor, Kevin Mullen, in the men's restroom at 2550 South Road, Poughkeepsie, NY 12601. Plaintiff immediately reported the violent sexual assault to a supervisor named Christopher Goddard, and then to the police.

2. However, Defendant failed to take any remedial or other action to protect Plaintiff. Simply, the Restaurant refused to take Plaintiff's claims seriously. Worse, Defendant began to retaliate against Plaintiff by inexplicably cutting his hours, hoping that he would voluntarily quit.

3. To add insult to injury, on March 5, 2022, Mr. Goddard approached Plaintiff from behind while he was working and used the Restaurant's menu to smack Plaintiff's behind while laughing, further continuing the unlawful treatment of Plaintiff and taunting him for having been sexually assaulted months earlier at work.

4. When Plaintiff complained about this incident, Defendant retaliated against him once and for all by abruptly terminating his employment on March 13, 2022, for no legitimate reason.

5. Accordingly, Plaintiff hereby brings this suit against Defendant seeking redress for its unlawful conduct constituting sexual harassment, gender discrimination, and retaliation pursuant to the New York State Human Rights Law, New York State Executive Law §§ 296, *et seq.* (the "NYSHRL"), and seeks to hold all those who unlawfully discriminated and retaliated against him accountable for their deplorable conduct.

## JURISDICTION AND VENUE

6. Jurisdiction in this Court is proper under 28 U.S.C. § 1332 as Plaintiff and Defendant are citizens of different States and the amount in controversy exceeds $75,000.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to the claim occurred within the Southern District of New York.

## PARTIES

8. At all times relevant hereto, Plaintiff Nicholas Lane has been an adult male residing in Dutchess County, New York.

9. Upon information and belief, Defendant Janjer Enterprises, Inc. was and is a foreign corporation duly organized pursuant to the laws of Maryland, operating within the State of New York, and maintaining its principal place of business at 12150 Tech Road, Silver Spring, MD 20904.

10. Defendant Janjer owns and operates IHOP franchises, including the one in which the conduct giving rise to this controversy herein occurred, located at 2550 South Road, Poughkeepsie, NY 12601.

## FACTS

**I.  Shortly After Being Hired, Plaintiff is Sexually Assaulted at Work by His Supervisor**

11. On or around December 11, 2021, Plaintiff began working for the Restaurant, which was located at 2550 South Road, Poughkeepsie, NY 12601, as a Dishwasher and Busser earning

2

a wage of $12.50 per hour.

12. His responsibilities included clearing tables and washing dishes at the direction of his supervisors, Mr. Goddard and Mr. Mullen, both of whom held the position of Kitchen Supervisor.

13. On or about December 15, 2021, during Plaintiff's first week of employment, his immediate supervisor, Mr. Mullen, sexually assaulted and sexually harassed him.

14. That day, Mr. Mullen assigned Plaintiff to clean the restrooms. Plaintiff began by cleaning the women's restroom and Mr. Mullen followed him there, stood in the doorway, and stared at Plaintiff while he cleaned.

15. After finishing cleaning the women's restroom, Plaintiff went to the men's restroom. Again, Mr. Mullen followed behind him and stood in the doorway.

16. As Plaintiff began cleaning one of the stalls, Mr. Mullen told Plaintiff that he wanted to show him how to change the toilet paper roll. Plaintiff politely declined, saying that he was able to change the roll himself. Ignoring Plaintiff's attempts to deflect, Mr. Mullen entered the bathroom stall while Plaintiff was bent over changing a roll of toilet paper.

17. Mr. Mullen then said, "I like young men," and reached around Plaintiff's waist, placing his hand over Plaintiff's genitals, and then cupping and squeezing his testicles and penis.

18. Plaintiff was shocked and immediately felt violated, humiliated, repulsed, and embarrassed by his boss's blatant sexual assault of him.

19. Plaintiff immediately recoiled, shoved Mr. Mullen, and shouted to never touch him again, before leaving the restroom. Plaintiff then finished the short remainder of his shift before leaving the restaurant.

II. **The Restaurant Ignores Plaintiff's Complaints**

20. Following an initial period of intense shock, embarrassment, and shame, on or about January 2, 2022, Plaintiff reported Mr. Mullen's sexual assault of him to his other manager, Mr.

Goddard.

21. Plaintiff gave Mr. Goddard a detailed account of the sexual assault, and emphasized that he was highly uncomfortable continuing to work with Mr. Mullen.

22. Mr. Goddard assured Plaintiff that he intended to take the complaint seriously by escalating it to the general manager, and that the Human Resources department ("HR") would be following up.

23. On or about January 12, 2022, Plaintiff filed a police report with the Town of Poughkeepsie Police against Mr. Mullen for the sexual assault.

24. Upon information and belief, on or about January 28, 2022, Mr. Mullen was arrested in connection with the sexual assault.

25. Plaintiff finally heard back from HR approximately two weeks after reporting the sexual assault to Mr. Goddard. In the interim, Plaintiff repeatedly followed up with Mr. Goddard for updates on his complaint, and implored Mr. Goddard to ensure that the Restaurant took his allegations seriously and conducted an investigation. However, it was clear that Mr. Goddard was ignoring Plaintiff's requests, leaving Plaintiff to continue suffering within a toxic work environment at the Restaurant.

26. On or about January 14, 2022, Plaintiff detailed the sexual assault to HR. After he was done, HR asked Plaintiff whether he had retained counsel in connection with his claims, to which he replied that he had. HR then informed Plaintiff that it would have to speak to Mr. Goddard regarding the incident since he "knows more."

27. Unfortunately, following that conversation, neither Human Resources, nor anyone else at the Restaurant, spoke any further with Plaintiff about his complaints.  Moreover, upon information and belief, the Restaurant failed to take any investigative or remedial action.

28. The Restaurant's inaction made it clear to Plaintiff that the Restaurant would not take

4

his complaints of discrimination, harassment, and assault seriously, tacitly condoning the underlying heinous behavior.

### III. The Restaurant Retaliates Against Plaintiff, Culminating in His Termination

29. On or about January 21, 2022, Plaintiff was hospitalized overnight due to trauma and stress stemming from the sexual assault he had experienced in the workplace.

30. Plaintiff's doctors urged him to seek further treatment with a mental health professional before returning to work and placing himself in a situation in which he would be forced to interact with his assaulter.

31. On or about January 23, 2022, Plaintiff returned to work but would soon reach his breaking point. Through the Restaurant's actions and inactions, it was clear that it did not intend to take Plaintiff's complaint seriously, and that the work atmosphere was not going to get better. Adding to that, the retaliation against him only worsened.

32. Specifically, both Mr. Mullen and Mr. Goddard began engaging in a pattern of continuing harassment and retaliation against Plaintiff. Soon after the Restaurant learned that Plaintiff had legal representation, the Restaurant inexplicably reduced Plaintiff's shifts and total work hours by over 50%.

33. Then, on or about March 5, 2022, emboldened by the Restaurant's indifferent to the sexual assault committed against Plaintiff, Mr. Goddard approached Plaintiff from behind as he worked and used the Restaurant's menu to smack Plaintiff's behind while laughing, taunting him.

34. Not only was this further humiliating, shocking, and unwanted conduct emblematic of the toxic work environment Plaintiff had to endure at the Restaurant, but it was yet another example of the retaliation Plaintiff faced for complaining about being sexually assaulted at work.

35. Ultimately, on or about March 13, 2022, shortly after Plaintiff's counsel issued the Restaurant a cease-and- desist letter and put it on notice of Plaintiff's intent to pursue litigation

unless the harassment and retaliation stopped, Defendant punished Plaintiff once and for all by unceremoniously terminating Plaintiff's employment for no legitimate reason.

## FIRST CAUSE OF ACTION
### Gender Discrimination and Sexual Harassment in Violation of the NYSHRL

36. Plaintiff hereby repeats, reiterates and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

37. By the actions detailed above, among others, Defendant has discriminated against Plaintiff in violation of the NYSHRL by, inter alia, denying him the equal terms and conditions of employment because of his gender (male), and by subjecting him to a hostile work environment based on his gender.

38. The Restaurant had knowledge of Mr. Mullen's sexual assault and harassment committed against Plaintiff but failed to act. Moreover, Defendant effectively deprived Plaintiff of an avenue to complain and seek corrective action. Therefore, the Restaurant can be held liable for Mr. Mullen's sexual harassment of Plaintiff.

39. Defendants' actions and inactions caused Plaintiff physical and emotional harm and entitle him to recover damages in an amount to be assessed by a jury at trial.

40. At all relevant times, Defendant acted with conscious disregard of Plaintiff's rights and feelings and also acted with the knowledge of or with reckless disregard for the fact that the conduct was certain to cause injury and/or humiliation to Plaintiff and to other similarly situated employees.

41. Defendants' unlawful and discriminatory actions constitute malicious, willful, and wanton violations of the NYSHRL, for which Plaintiff is entitled to punitive damages.

## SECOND CAUSE OF ACTION
### Retaliation In Violation of the NYSHRL

42. Plaintiff hereby repeats and re-alleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

43. By the actions detailed above, among others, Defendant has retaliated against Plaintiff based on his protected activities in violation of the NYSHRL, including by terminating Plaintiff's employment.

44. As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm, for which he is entitled to an award of damages, in addition to reasonable attorneys' fees and expenses.

45. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, mental anguish and severe emotional distress, for which he is entitled to an award of damages.

46. Defendants' unlawful and retaliatory actions constitute malicious, willful, and wanton violations of the NYSHRL, for which Plaintiff is entitled to an award of punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendant:

A. Declaring that Defendant engaged in unlawful employment practices prohibited by the New York State Human Rights Law, New York State Executive Law §§ 296, *et seq.*, by discriminating against Plaintiff on the basis of his sex, subject him to a hostile work environment, and unlawfully retaliating against him;

B. Awarding damages to Plaintiff, for all lost wages and benefits resulting from Defendant's discrimination in employment and to otherwise make him whole for any losses suffered as a result of such unlawful employment practice;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering, and injury to his reputation in an amount to be proven;

D. Awarding Plaintiff punitive damages;

E.   Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

F.   Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

G.   Awarding Plaintiff such other and further relief as the Court may deem equitable, just, and proper to remedy Defendant's unlawful employment practices.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated:  March 5, 2025
 White Plains, New York

Respectfully submitted,

**FILIPPATOS PLLC**

By: _/s/ Tanvir Rahman_
Tanvir Rahman
199 Main Street, Suite 800
White Plains, NY 10601
914-984-1111
trahman@filippatoslaw.com
*Attorney for Plaintiff*